GENOVESE v. KREBS

(December 14, 1931. Opinion and Decree.)
(January 11, 1932. Rehearing Refused.)

John A. Woodville, of New Orleans, attorney for plaintiff, appellee.

John May and A. M. Suthon, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit for damages alleged to have resulted from an intersectional automobile collision on December 25, 1929, at 10:30 p. m.

The charge of negligence against the defendant is that he was driving his car at an excessive rate of speed, and in disobeying the provisions of the traffic ordinance of the city, No. 7490, C. C. S., giving the plaintiff the right of way, as plaintiff was approaching from the right.

Defendant answered, denying that he was in any way at fault, and averring that the plaintiff's negligence was the proximate cause of the accident, because plaintiff was operating his car at an excessive rate of speed, and failed to respect the provisions of the traffic ordinance, No. 7490, C. C. S., giving to the automobile first in an intersection the right to complete the crossing. In the alternative, defendant pleaded contributory negligence.

There was judgment in favor of the plaintiff for the sum of $105, and the defendant has appealed.

The record shows that plaintiff was driving a Star sedan automobile up North Rampart street in the direction of Canal street. The defendant was driving his Chevrolet sedan in the direction of the lake on Bartholomew street, which crosses North Rampart street at right angles. These streets are paved, and are approximately 30 feet in width. On the downtown river corner of Bartholomew and Rampart streets is a building which intercepted the views of both drivers as they approached the intersection.

The plaintiff, his wife and mother, who were in his car at the time of the accident, substantially testified that prior to the time his car reached the intersection it was running about 25 miles an hour, but had slowed down to about 15 miles an hour as it approached the crossing and plaintiff sounded the horn; that defendant's car, which was approaching the intersection from plaintiff's left, without slowing down, or giving any signal, entered the intersection after plaintiff's car had done so, and struck it on the left rear fender; that the force of the impact caused plaintiff's car to turn over on the uptown side of the intersection; and that the defendant's car continued on its way and ran into another automobile, which had stopped at the uptown lake side of Bartholomew street.

Defendant and his sister, who was a passenger in his car, and a man by the name of S. Desimone, a witness for defendant, testified that, as defendant's car approached the intersection, it paused, or slowed down, the driver shifting into second gear; that the plaintiff's car approached the intersection at a rate of speed of about 30 miles an hour, defendant's sis-

ter saying that plaintiff's car appeared to come up out of the ground, its approach being so sudden; that defendant applied his brakes in an effort to avoid the accident; that the plaintiff first attempted to swerve into Bartholomew street in the direction of the lake, but, being confronted by Desimone's car, which was parked on the uptown lake side of Bartholomew street, turned again on North Rampart street towards Canal street; that the front portion of the defendant's car struck the left rear wheel of the plaintiff's car, causing it to turn over some 10 or 15 feet from the uptown sidewalk curbing of Bartholomew street; and that defendant's car, because of the force of the collision, was driven into the Desimone car, defendant having lost control of his automobile.

Article 1, section 7, paragraphs (c) and (g) of ordinance No. 7490, C. C. S., of New Orleans, provides:

"(c) On all other streets, and at intersections of right of way streets with one another, all vehicles approaching intersecting streets from the left shall give right of way to vehicles approaching from the right."

"(g) The right of way herein given shall not be construed to mean that vehicles may be driven through street intersections in a reckless manner or at a speed beyond control, nor that they may take advantage of such right of way to drive through intersections regardless of the rights of vehicles on intersecting streets. The right of way given applies only where two vehicles approaching intersecting streets arrive at the intersection *at approximately the same time,* and does not authorize the vehicle traveling on the right of way street to disregard the rights of vehicles which have already entered the intersection from an intersecting street." (Italics ours.)

Therefore the plaintiff's car was entitled to the right of way, as it approached from defendant's right, unless the evidence shows that the defendant's car entered the intersection first.

All of the plaintiff's witnesses testified that his car entered the intersection first. Defendant and his sister say he arrived there before plaintiff. The defendant's witness Desimone testified that, at the time the defendant's car entered the intersection, plaintiff's car was just 3 feet from the intersection. The admitted physical fact that the defendant's car struck the plaintiff's car on its right rear wheel, in our opinion, tips the scale in favor of the plaintiff's version of how the accident occurred. We therefore conclude that the evidence establishes the fact that the plaintiff's car entered the intersection first, and hence, under the provisions of the traffic ordinance, was entitled to the right of way, and should have been permitted by the defendant to complete the crossing.

The evidence also satisfies us that the defendant's car was being operated at an excessive rate of speed because the force of the blow that it struck the plaintiff's car not only caused plaintiff's car to turn over, but defendant's car continued on its way and had a second collision with Mr. Desimone's car.

Was the plaintiff guilty of contributory negligence? Plaintiff and his witnesses testified that he was going about 15 miles an hour as he entered the intersection. Their testimony is corroborated by the fact that plaintiff's car turned over on the upper or Canal street side of the intersection. It appears to us that, if the plaintiff had been driving at the rate of 30 miles per hour, as the witnesses for the defendant state, his car would have gone considerably farther than they say it did. We find that plaintiff was driving at a moderate rate of speed at the time he entered the intersection.

Counsel for defendant strenuously argues that plaintiff was guilty of contributory negligence in not obeying article 1, section 1, of the traffic ordinance, which reads as follows:

"*Keep to the Right.* A vehicle, except when passing a vehicle going in the same direction, shall keep to the right and as near to the right hand curb as possible."

Defendant's counsel bases his whole argument upon the fact that plaintiff stated that he was not driving next to the right-hand curb on North Rampart street, as he approached the intersection, but was driving to the right-hand side of the center of that street. Conceding that there might have been a technical violation of this provision of the ordinance by the plaintiff, the most favorable view we could adopt, as far as defendant is concerned, but without deciding that issue, nevertheless we feel that his failure to obey this traffic rule in no way contributed to the accident, and that the sole and proximate cause of the accident was the excessive speed of the defendant's car and its failure to accord to the plaintiff's automobile the right of way which it had by virtue of the fact that it approached from the right and had entered the intersection before the defendant's car.

There is an error in the judgment of the lower court in allowing legal interest from January 31, 1930, because the citation was not served upon the defendant until February 18, 1930.

It is therefore ordered, adjudged, and decreed that the judgment of the trial court be amended so as to allow legal interest from judicial demand, February 18, 1930, until paid; and in all other respects the judgment is affirmed, at appellant's cost.